UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LAWRENCE J. SWIFT                                                                                   PLAINTIFF
ADC #111527

V.                                      No. 3:23-CV-00253-DPM-BBM

DOE, ADC, Grimes Unit and Staff; and
CLINT BAKER, Captain, Grimes Unit, ADC                                          DEFENDANTS

## **ORDER**

On December 18, 2023, Plaintiff Lawrence J. Swift, a prisoner in the Grimes Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 18 U.S.C. § 1983, alleging that Defendant Clint Baker falsely charged him with a disciplinary for possessing a cellphone. (Doc. 1 at 2). Since that time, Swift filed an Amended Complaint and two Affidavits, one of which was docketed as a Motion for Order. (Docs. 4–5, 7).

The Amended Complaint (Doc. 7) will be screened by separate order, in due course.

In his Motion for Order (Doc. 4), Swift claims that, since initiating this suit on December 18, 2023, he has been subjected to retaliation. (Doc. 4). In particular, he claims that Defendant Baker and non-Defendant Lieutenant Dunagan confiscated his legal mail and claimed that it tested positive for drugs. *Id.* He alleges that he fears for his life and asks that the Court contact the Grimes Unit Warden to transfer him to a different unit. *Id.*

To the extent Swift seeks to bring these new claims in the instant lawsuit, the request must be and is DENIED. It is well settled that a prisoner must fully exhaust his administrative remedies as to *each claim* prior to commencing his lawsuit in federal court.

*See* 28 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). The new claims Swift wishes to add occurred after he commenced this action on December 18, 2023.  Thus, it would be futile to allow Swift to pursue his new, unexhausted claims in this lawsuit.  *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding that a court may deny a plaintiff's motion to amend the complaint when such amendment would be futile).

If Swift wishes to pursue his new claims of retaliation, he must: (1) *fully* and properly exhaust his administrative remedies within the prison system;[1] and (2) file a new § 1983 action raising those claims.

Accordingly, Swift's Motion for Order (Doc. 4) is DENIED.

SO ORDERED this 5th day of February, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE

---

[1] Swift alleges that he filed an "Emergency Grievance" the same day he signed the Motion for Order. (Doc. 4). Thus, it is clear that he did not wait for a response to his grievance or pursue his retaliation claim through the remaining steps of the ADC's grievance procedure before filing his Motion.